IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| A.R., by and through his Parents, P.R. and J.R., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil Action No. 1:21-cv-00146-TLA |
| CAPE HENLOPEN SCHOOL DISTRICT, | | |
| Defendant. | | |

## MEMORANDUM ORDER

At Wilmington, this 5th day of June 2023:

1. On April 18, 2023, the Court granted Defendant Cape Henlopen School District's motion for judgment on the administrative record. D.I. 42. On April 28, 2023, Plaintiff A.R. filed a motion for reconsideration and accompanying memorandum in support. D.I. 44, 45. Defendant opposed the motion. D.I. 46. Plaintiff has filed a reply, D.I. 47, making this motion ripe for review.

2. A motion for reargument under Local Rule 7.1.5 is the "functional equivalent" of a motion to amend the judgment under Federal Rule of Civil Procedure 59(e). *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). This standard is difficult to meet. *See* D. Del. L.R. 7.1.5 ("Motions for reargument shall be sparingly granted."). The Court exercises its discretion to grant such a motion only if the movant demonstrates one of the following: (1) a change in controlling law; (2) the availability of new evidence; or

(3) a need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

3. Plaintiff seeks reargument under the third ground because he claims the Court "incorrectly applied the [legal] standard by citing intentional discrimination and monetary damages cases." D.I. 45 at 3. However, this is an incorrect interpretation of the Court's reference to cases involving monetary damages. The Court did not cite them to supply the legal standard. Instead, it cited them for other propositions, such as what constitutes a free appropriate public education ("FAPE") or the difference between one-off teasing episodes, which do not deprive students of a FAPE, and actionable bullying, which does.

4. The Court's memorandum opinion, D.I. 41, explained that "[t]o obtain equitable relief, A.R. needs to show only that he was denied a FAPE" and because he "seeks only equitable relief and does not seek monetary damages, . . . he does not need to prove intentional discrimination." *Id.* at 11-12. Applying that standard, the Court further explained that, because the District had reasonable accommodations in place leading up to the October 2018 bullying incident and responded to that incident with additional supports reasonably calculated to prevent the bullying, A.R. was not denied a FAPE. *Id.* at 13-19.

5. Still, Plaintiff insists "there is no logical reason to cite to intentional discrimination and monetary damages cases in a matter involving the deprivation of a [FAPE] and compensatory education." D.I. 47 at 1. The Court notes, however, that many of the intentional discrimination and monetary damages cases it cited in its opinion were drawn from Plaintiff's brief in support of its motion for judgment on the administrative record. *See, e.g.*, D.I. 29 at 16 (citing *E.M. v. San Benito Consol. Indep. Sch. Dist.*, 374 F. Supp.

2

3d 616 (S.D. Tex. 2019); *Dorsey on behalf of J.D. v. Pueblo School District 60*, 215 F.Supp.3d 1082 (D. Colo. 2016); *Black v. Littlejohn*, 2020 WL 469303 (N.D. Ill. Jan. 28, 2020)); *see also* D.I. 41 (citing the same).

6. For the avoidance of doubt, the Court reaches the same conclusion relying only on compensatory education cases. These cases explain schools must "*reasonably* accommodate" disabled students' needs to ensure "meaningful access to educational benefits." *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 281 (3d Cir. 2012) (emphasis added). But reasonableness is key—meaning courts should "strike a balance between the rights of the student" and "the legitimate financial and administrative concerns of the school." *Id.* Overall, the "student's right to compensatory education accrues when the school knows or should know that the student is receiving an inappropriate education." *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 739 (3d Cir. 2009). Before the October 2018 bullying incident, A.R.'s 504 Plan was reasonable given the circumstances at the time. After the incident, the school quickly and effectively put in place many supports for A.R. and restrictions on the offending student that were reasonably calculated to end the bullying. Applying the appropriate standard, the Court held and continues to hold that A.R. was not denied a FAPE.

7. Further, there exists no other reason to grant the motion for reconsideration.

THEREFORE, for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration, D.I. 44, is DENIED.

/s/ Thomas L. Ambro
Circuit Judge, sitting by designation